CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

May 04, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **EARL THOMAS BRADY,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 7:24-cv-00567** |
| | ) | |
| **COMMONWEALTH OF** | ) | |
| **VIRGINIA, et al.,** | ) | **By: Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

**MEMORANDUM OPINION**

Plaintiff Earl Thomas Brady, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Following review pursuant to 28 U.S.C. § 1915A, I will dismiss the Complaint for failure to state a claim upon which relief may be granted.

"Section 1983 imposes liability on state actors who cause the 'deprivation of any rights, privileges, or immunities secured by the Constitution.'" *Doe v. Rosa*, 795 F.3d 429, 436 (4th Cir. 2015). But the court must dismiss any action filed by a prisoner against a state defendant if the claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007).

At all relevant times, Brady was incarcerated at the Red Onion State Prison in Pound, Virginia. Brady alleges that while employed in the prison's food service department, he began to complain about the prison's food. Brady further alleges that in response, Defendant Rose, a correctional officer at Red Onion, wrote a false disciplinary report about Brady and provided the report to Defendant J.R. Massingill, another correctional officer at Red Onion. According to Brady, the allegedly false disciplinary report caused him to lose his job at the prison and

experience seven days of "false imprisonment" in restrictive housing. Dkt. No. 1, at 4. Brady asserts various claims against the defendants, including for First Amendment retaliation, denial of procedural and substantive due process, violation of "The Whistle Blower Act," disparate treatment, cruel and unusual punishment, false imprisonment, failure to follow internal prison policies, and defamation. *Id.* at 4–6.

As an initial matter, Rose and Massingill are the only defendants Brady names in the body of his Complaint. They are also the only defendants against whom Brady has made factual allegations. Because Brady has failed to make any factual allegations against the other defendants, I will dismiss them from this action without prejudice. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As to Massingill, Brady merely alleges that the officer received the false disciplinary report from Rose and baldly asserts that Massingill "coll[uded]" with Rose to punish Brady. Dkt. No. 1, at 4. But as noted above, a plaintiff bears the burden of stating "plausible" claims rather than those that are merely "conceivable." *Twombly*, 550 U.S. at 555, 570. Accordingly, I will also dismiss the Complaint against Massingill without prejudice.

Brady has also failed to adequately state his claims. First, Brady asserts a First Amendment retaliation claim. "In order to state a colorable retaliation claim under Section 1983, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017) (cleaned up).

Even if Brady can meet the first two elements, he has failed to allege sufficient facts to show the third element. To show a causal connection between protected activity and an adverse action, a plaintiff "must show, at the very least, that the defendant was aware of [him] engaging in protected activity" as well as "some degree of temporal proximity to suggest a causal connection." *Constantine v. Rectors and Visitors of George Mason Univ.*, 411 F.3d 474, 501 (4th Cir. 2005). Brady has alleged no facts showing when he began complaining about the food at Red Onion or to whom and in what form he complained. Accordingly, he has failed to allege sufficient facts showing a causal connection between his complaints and any adverse action.[1]

Second, Brady asserts due process claims arising from the loss of his prison job. But these claims fail, as "inmates do not have a constitutional right to a prison job, and in turn, the deprivation of a prison job states no independent constitutional claim." *Patel v. Moron*, 897 F. Supp. 2d 389, 400 (E.D.N.C. 2012*); see also Robles v. Sturdinvant*, No. 7:14-cv-00070, 2014 WL 4853409, at *1 (W.D. Va. Mar. 27, 2014) ("[I]nmates have no independent constitutional right to a prison job, and as such, prison officials may generally terminate an inmate from a particular prison job for any reason without offending federal due process principles.").

Third, Brady asserts a claim under the "Whistle Blower Act." Dkt. No. 1, at 5. Although Brady is unclear about the source of this claim, I understand it to be brought under the Whistleblower Protection Act (WPA) of 1989, 5 U.S.C. §§ 1201, *et seq.*[2] But the WPA only

---

[1] To the extent Brady meant to bring a freestanding claim regarding the falsity of the report, such claim fails. *See Wilkins v. Rasnake*, No. 7:24-cv-00093, 2025 WL 974108, at *7 (W.D. Va. Mar. 31, 2025) ("The filing of a false disciplinary report or charge generally does not state a constitutional claim." (citing *Cole v. Holloway*, 631 F. App'x 185, 186 (4th Cir. 2016)). And to the extent Brady claims that the disciplinary report was pretextual, I will not reach the issue as Brady has failed to show a prima facie case of retaliation. *See Makdessi v. Collins*, No. 7:23-cv-00049, 2024 WL 4441746, at *8–9 (W.D. Va. Oct. 8, 2024) (discussing the burden-shifting framework applicable to First Amendment retaliation claims).

[2] Although Brady briefly references "state laws" that protect whistleblowers, he cites to the U.S. Code Annotated which suggests that this claim arises from the WPA. Dkt. No. 1, at 5.

applies to federal employees and not state prisoners like Brady. *See Stern v. Epps*, 464 F. App'x 388, 392 (5th Cir. 2012) (per curiam) (citing 5 U.S.C. §§ 2105, 2302(b)(8)).

Fourth, Brady asserts a disparate treatment claim. But to succeed on such a claim, "a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated[,]" *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001), and Brady has alleged no facts to support such a finding.

Fifth, Brady asserts a due process claim arising from his transfer from general population into restricted housing. Specifically, he claims that a "formal due process hearing [was] required when [he was] removed from general population." Dkt. No. 1, at 6. However, Brady does not allege facts showing how any particular defendant denied him a formal hearing. And as noted above, Brady must show that each defendant, "though [his or her] own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Sixth, Brady asserts an Eighth Amendment claim arising from the seven days he spent in restrictive housing. "The Eighth Amendment . . . prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991). However, the Constitution "does not mandate comfortable prisons, [ ] and only those deprivations denying 'the minimal civilized measure of life's necessities' [ ] are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* at 298. Here, Brady merely alleges that the seven days he spent in restricted housing constituted cruel and unusual punishment. But this, without more, is insufficient to state an Eighth Amendment claim. *See Fuller v. Huneycutt*, No. 1:21-cv-00258, 2022 WL 1494386, at *3 (W.D.N.C. May 11, 2022) (finding that plaintiff failed to state an Eighth Amendment claim where he alleged he was "allowed to have only his shower shoes, radio, and medication during the 22 days he spent in

4

restrictive housing."); *see also McNatt v. Unit Manager Parker,* No. 3:99-cv-01397, 2000 WL 307000, at *4 (D. Conn. Jan. 18, 2000) (conditions in restrictive housing unit, including stained, smelly mattresses; unclean cell; no bedding for six days; no cleaning supplies for six days; no toilet paper for one day; no toiletries or clothing for six days; no shower shoes; dirty showers; cold water that did not function properly; and smaller food portions, while not pleasant, did not rise to the level of an Eighth Amendment violation).[3]

Seventh, Brady asserts a false imprisonment claim arising out of the seven days he spent in restrictive housing. But because Brady was already in custody when the complained of actions took place, he has failed to state a cognizable false imprisonment claim. *See Goncalves v. Reynolds*, 198 F. Supp. 2d 278, 283 (W.D.N.Y. 2001) ("Since plaintiff would have been in custody anyway, he cannot state a claim for false arrest."); *see also Rosario v. Lynch*, No. 2:13-cv-01945, 2017 WL 4098709, at *6 (E.D. Pa. Sept. 15, 2017) ("[A] prisoner cannot state a cognizable claim of false arrest or false imprisonment while he is already in custody for an unrelated offense.").

Eighth, Brady claims that the defendants failed to follow internal prison policies. But such failure, without more, is insufficient to state a § 1983 claim. *See Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."); *see also Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013) (per

---

[3] To the extent Brady asserts an Eighth Amendment claim arising out of the loss of his prison job, such claim fails. "It is clear that a prisoner's claim under the Eighth Amendment must establish more egregious conduct than that adequate to support a tort at common law[,] . . . [and] [t]he loss of employment privileges . . . is clearly insufficient to rise to this level." *Fountain v. Vaughn*, 679 F. App'x 117, 120 n.2 (3d Cir. 2017) (per curiam) (internal citations omitted).

curiam) ("[P]rison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of a constitutional violation.").

Finally, Brady asserts claims of slander and defamation arising from Rose's supposedly false disciplinary report. But "defamation [is] insufficient to state [a] § 1983 claim absent [a] showing that it caused injury to [a] constitutionally protected right." *Baldwin v. U.S. Dep't of Homeland Sec.*, No. 7:16-cv-00421, 2016 WL 6109959, at *1 n.2 (W.D. Va. Oct. 19, 2016) (citing *Paul v. Davis*, 424 U.S. 693, 697-710 & nn. 3–4 (1976)). And as discussed, Brady has failed to show injury to any constitutionally protected right.

For these reasons, I will dismiss this action without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. An appropriate order accompanies this memorandum opinion.

Enter:  May 3, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

6